IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3194-D

| | | |
|---|---|---|
| BOBBY RAY GRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEITH D. ROUSE, | ) | |
| | ) | |
| Defendant. | ) | |

On August 15, 2013, Bobby Ray Grady ("plaintiff" or "Grady"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. Grady seeks leave to proceed in forma pauperis [D.E. 2]. On March 18, 2014, Grady moved for a temporary stay in order to "perfect his case due to the burden of being detained in the Wayne County Jail" [D.E. 6].[1] As explained below, the court dismisses the complaint as frivolous.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotation omitted). Claims that are factually frivolous lack an "arguable basis" in fact.

---

[1] On May 7, 2014, Grady was admitted to Central Prison. See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0151278&searchOffenderId=0151278&listurl=pagelistoffendersearchresults&listpage=1 (last visited May 28, 2014).

Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Grady alleges the following:

> On 5-16-2011 Keith D. Rouse as counsel for plaintiff led me to a probable cause hearing for criminal charges before the alleged victim that could not identify me prior to the hearing causing me to self incriminate myself without warning. He also failed to support the U.S. Constitution by allowing the courts to proceed against me in defiance of clearly established law without advising me that my constitutional rights were being violated. Neither did he attempt to prevent the violations of my rights. His actions were committed willingly and knowingly.

Compl. 3. Grady seeks $500,000.00 in "monetary damages" and a "reprimand[]" against Rouse. Id. 4.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d

2

841, 850 (4th Cir. 1985). To state a Fourth Amendment malicious-prosecution claim under section 1983, a plaintiff must plausibly allege four elements: (1) that the defendant initiated or maintained a criminal proceeding against the plaintiff; (2) that the criminal proceeding terminated in the plaintiff's favor; (3) that the proceeding was not supported by probable cause; and, (4) that, because of the criminal proceeding, the plaintiff suffered a deprivation of liberty akin to an unconstitutional seizure. See Brooks v. City of Winston-Salem, 85 F.3d 178, 183–84 (4th Cir. 1996); accord Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000).

A plaintiff cannot recover monetary damages for alleged constitutional violations when such recovery would imply the invalidity of an underlying conviction unless he can "prove that the conviction ... has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); see Omar v. Chasanow, 318 F. App'x 188, 189 & n.* (4th Cir. 2009) (per curiam) (unpublished) (collecting cases); Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Grady's claim for damages relies on the invalidity of his conviction. Because Grady's conviction has not been overturned or otherwise invalidated, his efforts to recover damages fail.

Additionally, Grady has named a defendant who is immune from or otherwise not amenable to suit. Defense attorneys do not act under color of state law and, therefore, are not amenable to suit under section 1983, whether privately retained, appointed by the state, or employed as public defenders. See, e.g., Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d

3

1154, 1155–56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). Thus, the court dismisses Grady's claims against Rouse.

Finally, the court cannot convert this action into a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because such a petition would likewise be unexhausted. Grady must first "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the state. See id. In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a motion for appropriate relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1422.

Grady acknowledges that he has not "perfect[ed] his case" and seeks a stay [D.E. 6]. The United States Supreme Court has approved a stay-and-abeyance procedure for unexhausted section 2254 claims under certain circumstances. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Rhines v. Weber, 544 U.S. 269, 275, 278 (2005). Grady has not presented circumstances warranting a stay. Thus, the court denies the motion.

In sum, the court DISMISSES plaintiff's complaint as frivolous and DENIES plaintiff's motion for a stay [D.E. 6]. The clerk shall close the case and send a copy of this order to plaintiff at his current place of incarceration.

4

SO ORDERED. This 28 day of May 2014.

                                                 JAMES C. DEVER III
                                                 Chief United States District Judge

5

Case 5:13-ct-03194-D   Document 7   Filed 05/28/14   Page 5 of 5